UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEX GAVILAN,

    Petitioner,

v.                                                CASE NO. 6:05-cv-915-Orl-31DAB

FL ATTORNEY GENERAL, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus (Doc. No. 8). Petitioner then filed a reply (Doc. No. 12) and a supplemental reply (Doc. No. 14) to the response. Petitioner raises the following claim in his petition: that he is entitled to a new trial based on newly discovered evidence.

*Procedural History*

Petitioner and three other individuals were charged by indictment with first degree murder and armed robbery. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to life imprisonment as to the murder conviction and to imprisonment for a term of 80 months as to the robbery conviction, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a petition for writ of habeas corpus with the state appellate court, which

was denied.

Petitioner then filed a motion for postconviction relief with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial in a written opinion. *See Gavilan v. State*, 765 So. 2d 308 (Fla. 5th DCA 2000).

Petitioner subsequently filed a second motion for postconviction relief with the state trial court, which held an evidentiary hearing on the motion. After the hearing, the trial court entered an order denying the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

*Petitioner's Claim*

Petitioner argues that, as a result of "newly discovered evidence," he is entitled to a new trial. Specifically, he refers to the June 25, 2001, affidavit of Jeremiah Thomure, a fellow inmate, who indicated that Wilfredo Lopez, a co-defendant, told him that he (Lopez) "lied" at Petitioner's trial in order to receive a lesser sentence. In particular, Thomure mentions that, on July 28, 2000, he was in the Orange County Jail with Lopez; that Lopez told him that he had lied about Petitioner's participation in the crimes in order "to get a deal"; that Petitioner was not involved in the robbery; and that Petitioner had been too "high on drugs to know anything" about the crimes. (Affidavit of Jeremiah Thomure at 1.)

      1.    *Petitioner's Claim Is Not Cognizable In A Habeas Proceeding*

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 399 (1993); *see also*

*Hence v. Smith*, 37 F. Supp.2d 970, 980 (E.D. Mich. 1999) (finding that "[a] claim of actual innocence based upon newly discovered evidence is not grounds for federal habeas relief."). Consequently, a claim that a habeas petitioner is entitled to relief based upon the failure of a state trial judge to grant him a trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding. *See Monroe v. Smith*, 197 F. Supp.2d 753, 763 (E.D. Mich. 2001), *judgment affirmed*, 41 F. App'x 730 (6th Cir. 2002). Accordingly, in the present case, Petitioner's claim that he has newly discovered evidence of his innocence does not state a claim upon which habeas relief can be granted, and it must be denied. *See id.*

    2.    *Alternatively, Petitioner's Claim Must Be Denied Under Section 2254(d)*

Petitioner's claim was raised in his second motion for postconviction relief, and the trial court denied it on the merits after an evidentiary hearing. The state appellate court affirmed the denial. The Court finds that this claim must be denied under section 2254(d). Section 2254(d) provides as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>     (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the `unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

At the evidentiary hearing, Thomure testified that he met Petitioner at the Polk Correctional Institution and that he subsequently transferred to the Orange County Jail while awaiting resentencing, where he met Lopez. (Transcript of Evidentiary Hearing at 6-9.) According to Thomure, Lopez told him that he (Lopez) lied at trial when he claimed that Petitioner exited the car at the robbery/murder scene. *Id*. at 17. Lopez also mentioned to him that Petitioner had been "drugged up," asleep, and did not know "what was going on" at the time the crimes were committed. *Id*. at 13, 17.

In order to succeed on a motion for new trial based on newly discovered evidence, the movant must establish the following: 1) the evidence was discovered after trial; 2) the failure of the defendant to discover the evidence was not due to a lack of due diligence; 3) the evidence was not merely cumulative or impeaching; 4) the evidence was material to issues before the court; and 5) the evidence was such that a new trial would probably produce a different result. *See United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Here, the trial court found that Petitioner failed

to meet elements three and five, and the Court agrees. Petitioner has not satisfied element three because the newly discovered evidence, at most, would merely have impeached the trial testimony of Lopez.

Petitioner has also not established element five. First, the trial court found that Thomure was not a credible witness. Thomure was a convicted felon, and there were inconsistencies and contradictions in his testimony at the evidentiary hearing. Second, the victims testified at trial that all four co-defendants were involved in the crimes, providing essentially the same substantive testimony as Lopez' trial testimony. Under the circumstances, the Court finds that there is no reasonable probability that the jury would have reached a different verdict if they had heard Thomure's testimony.

Certainly, Petitioner has not demonstrated, and this Court is unable to conclude, that the state court's decision with regard to this claim was either "contrary to" or an "unreasonable application of" clearly established Federal law, as determined by the Supreme Court of the United States. Moreover, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts in light of the evidence presented. Thus, this claim must be denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   The Petition for Writ of Habeas Corpus filed by Alex Gavilan is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

    2.       The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 24th day of March, 2006.

*(signature)*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 3/24
Counsel of Record
Alex Gavilan